<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KINSLEY TECHNOLOGY CO., <br><br> Plaintiff, <br><br> v. <br><br> EXQUISITE BUYS, TOYSTERS LLC, and LANKEYFIT <br><br> Defendants. | Action No. 22-CV-6065 (EP) (LDW) <br><br> **OPINION** |

**PADIN, District Judge.**

In this Trademark dispute, Plaintiff Kinsley Technology Co. moves for default judgment against Defendants Exquisite Buys, Toysters LLC, and LankeyFit pursuant to Fed. R. Civ. P. 55(b). D.E. 18 ("Mot."). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth below, Plaintiff's motion will be **GRANTED** except as to attorney's fees.

**I.  BACKGROUND**

Plaintiff is a limited liability company ("LLC") organized under Hong Kong law, with a principal place of business in Shenzhen, China. D.E. 1 ("Compl.") ¶ 1. It was assigned U.S. Trademark Registration No. 5,627,817 by Fangyan Ju for the SUNCOO word mark in international class 010. *See id.* ¶ 12, Ex. A; D.E. 18-1, Declaration of Nicholas S. Lee ("Lee Dec.") ¶ 21; D.E. 18-3, Ex. B.[1] The SUNCOO Registration applies to disposable masks, which are at issue here. Compl. ¶ 14, Ex. A.

---

[1] Nicholas Lee is Plaintiff's counsel. D.E. 3-2.

Defendant Exquisite Buys is a business entity of unknown incorporation with a principal place of business located in Howell, New Jersey. Compl. ¶ 2. Defendant Toysters LLC is a New Jersey LLC with a principal place of business in Linden, New Jersey. *Id.* ¶ 4. Defendant LankeyFit is a business entity of unknown incorporation with a principal place of business located in Plainfield, New Jersey. *Id.* ¶ 6. All three Defendants operate or previously operated a merchant account on the Amazon.com, Inc. ("Amazon") marketplace with accessible storefronts and seller profile pages. *Id.* ¶¶ 3, 5, 7.

Plaintiff and its single importer/distributor use the SUNCOO word mark in connection with selling disposable masks in the United States, primarily through Amazon. *Id.* ¶ 15-16. All products sold or listed on Amazon must have an Amazon Standard Identification Number ("ASIN"), which allows sellers to create a landing page for their branded products. *Id.* ¶ 20. Sellers like Plaintiff create landing pages for their ASINs to display product descriptions, images, and information for their brands. *Id.* An ASIN permits individual sellers who have the genuine product for sale to link their inventory to the landing page without creating their own product images, descriptions, etc. *Id.*

Plaintiff was assigned an ASIN for its SUNCOO-branded masks. *Id.* ¶ 22. Defendants listed their non-SUNCOO masks for sale on Amazon with Plaintiff's ASIN. *Id.* ¶ 28. Thus, Plaintiff's landing page for its SUNCOO-branded masks also listed Defendants' masks. *Id.* ¶ 31. As a result, some consumers purchasing from Defendants' landing page received non-SUNCOO masks. *Id.* ¶¶ 32-33.

On October 13, 2022, Plaintiff filed its Complaint against Defendants. The Complaint asserts claims for Trademark Infringement and Trademark Counterfeiting under 15 U.S.C. § 1114 (Counts One and Two), and Federal Unfair Competition under 15 U.S.C. § 1125(a) (Count Three).

Defendants were served, *see* D.E.s 8, 9, 15, but have not answered or otherwise responded. The Clerk of Court entered default against Toysters and Exquisite Buys on November 22, 2022, and against LankeyFit on December 27, 2022. Plaintiff now seeks default judgment on all counts, statutory damages of $320,000, a permanent injunction, attorneys' fees and costs, and prejudgment interest authorized by 15 U.S.C. § 1117(b).

## II.     LEGAL STANDARD

Courts may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Although cases should be decided on their merits where practicable, default judgment is "largely a matter of judicial discretion." *Id.* Courts accept the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (cleaned up).

Courts must determine: "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2018) (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)).

III.   ANALYSIS

   A. Jurisdiction is proper

Plaintiff satisfies the threshold requirements for entry of default judgment. Because Plaintiff's 15 U.S.C.§ 1114 and 15 U.S.C. § 1125 claims assert a federal question, this Court may exercise subject matter jurisdiction. 28 U.S.C. § 1331. Plaintiff's service of process on Defendants' agents and officer within New Jersey suffices for *in personam* jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a)(1), (6). Plaintiff personally served Exquisite Buys and Toysters, via its agents, on October 24, 2022, and October 25, 2022, respectively. D.E.s 8, 9. *See* Fed. R. Civ. P. 4(e), (h). Plaintiff personally served LankeyFit, via its officer, on November 22, 2022. D.E. 15. *See* Fed. R. Civ. P. 4(e), (h). Defendants have not answered or otherwise responded to the Complaint, and the Clerk has entered default against them.

   B. The uncontested facts present a legitimate cause of action

   *1. Plaintiff presents viable Infringement and Unfair Competition claims*

Accepting the allegations as true, Plaintiff has stated a claim under 15 U.S.C. § 1114 and 15 U.S.C. § 1125. To prevail on claims for Trademark Infringement, 15 U.S.C. § 1114, and Unfair Competition, 15 U.S.C. § 1125(a), Plaintiff must establish that: (1) the "the mark is valid and legally protectable," (2) it owns the mark, and (3) the defendant's use of the mark causes a likelihood of confusion. *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 2015) (citations omitted) (trademark infringement and unfair competition use identical standards).

Here, Plaintiff satisfies these elements. For the first and second elements, Plaintiff's trademark registration establishes ownership of a valid and legally protectable mark. Compl. ¶¶ 12-13, Ex. A; D.E. 18-3, Ex. B. *See Iancu v. Brunetti*, 588 U.S. 2294, 2297 (2019) ("registration constitutes 'prima facie evidence' of the mark's validity"); *Coach, Inc. v. Cosm. House*, No. 10-

2794, 2011 WL 1211390, at *2 (D.N.J. Mar. 29, 2011) ("A certificate of registration issued by the United States Patent and Trademark Office constitutes prima facie evidence of the validity and ownership of a disputed mark.").

Plaintiff has also satisfied the third element. Likelihood of confusion "exists 'when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark.'" *Fisons Horticulture*, 30 F.3d at 472 (quoting *Dranoff-Perlstein Assoc. v. Skylar*, 967 F.2d 852, 862 (3d Cir. 1992)). Where, as here, "the trademark owner and the alleged infringer directly compete with the goods or services, the court need rarely look beyond the mark itself," and the inquiry turns on whether the marks are "confusingly similar." *Id.* at 473 (citations omitted).

Here, Plaintiff's uncontested assertions show a likelihood of confusion between its SUNCOO-branded masks and Defendants' counterfeits. When consumers hit Plaintiff's landing page, they see branding images and descriptions of Plaintiff's SUNCOO-branded masks. Compl. ¶ 29. But because Defendants associated their counterfeits with Plaintiff's ASIN, the same landing page can lead consumers to purchase the counterfeits. *Id.* ¶¶ 28, 30-32. And when they did, some left negative reviews under the SUNCOO landing page, noting that they received non-SUNCOO branded masks. *Id.* ¶ 45. Plaintiff also conducted test purchases and received non-SUNCOO masks. *Id.* ¶¶ 37, 40, 43.

Thus, the infringing word mark is more than "confusingly similar"—it is identical, making confusion inevitable. Accordingly, Plaintiff has presented legitimate Infringement and Unfair Competition claims.

5

   *2. Plaintiff presents a viable Counterfeiting claim*

To prevail on a Trademark Counterfeiting claim, Plaintiff must demonstrate: (1) that the "defendants infringed a registered trademark in violation of" 15 U.S.C. § 1114(1)(a), and (2) that defendants "intentionally used the trademark knowing that it was a counterfeit or [were] willfully blind to such use." *Gordashevsky*, 558 F. Supp. 2d at 536. Willful conduct involves "an aura of indifference to plaintiff's rights or a deliberate and unnecessary duplicating of plaintiff's marks … in a way that was calculated to appropriate or otherwise benefit from the good will the plaintiff had nurtured." *Chanel v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010) (internal quotations omitted). Having already determined that Defendants infringed Plaintiff's SUNCOO word mark, the Court need only consider whether the uncontested record demonstrates that Defendants' conduct was willful.

Here, the allegations demonstrate that at the very least, Defendants acted with deliberate disregard of Plaintiff's protected rights in the SUNCOO word mark. In a previous action against Defendants in the Central District of California ("California Action"), Plaintiff obtained discovery from Amazon that reflected the sales for each Defendant under the ASIN. Lee Dec. ¶ 16.[2] It is difficult to imagine how Defendants could have accidentally used Plaintiff's ASIN, and thus, listed their products under Plaintiff's landing page, to sell their non-SUNCOO masks. *See Gordashevsky*, 558 F. Supp. 2d at 538 (by selling goods with marks identical to plaintiff's, the defendant "demonstrate[d] his desire and purpose to trade upon [plaintiff's] goodwill"); *Microsoft Corp. v. CMOS Techs.*, 872 F. Supp. 1329, 1335 (D.N.J. 1994) ("It would be difficult to imagine a clearer case of consumer confusion than the instant case in which the defendants, acting in direct

---

[2] Exquisite Buys, Toysters, and LankeyFit were defendants in the California Action. Lee Dec. ¶ 15. However, they were ultimately dismissed for lack of personal jurisdiction. *Id.*

competition with the plaintiff, sold counterfeit products on which plaintiff's registered marks appear in their entirety."). And by failing to respond, the Court can infer that the trademark infringement was willful. *See Gordashevsky*, 558 F. Supp. 2d at 538 (default concedes willfulness); *JUUL Labs, Inc. v. Zoey Trading LLC*, No. 21-19299, 2022 WL 970412, at *6 (D.N.J. Mar. 31, 2022).

### C. Default judgment is otherwise proper

In addition to the above factors, courts determine whether default judgment is otherwise proper by considering: "'(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.'" *Matos*, 133 F. Supp. 3d at 686 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

The record suggests no meritorious defense. *See Matos*, 133 F. Supp. 3d at 686 ("Defendant has failed to proffer any defense to Plaintiff's claims, meritorious or otherwise, and the Complaint does not otherwise suggest the existence of any meritorious defense."). And "[b]ecause the Defendant did not respond, the Court cannot determine whether the Defendant had meritorious defenses that are not reflected in the record." *Ocean Point Gifts*, 2010 WL 2521444, at *5. Moreover, Defendants' failure to appear or otherwise respond has prejudiced Plaintiff by preventing it from prosecuting its case and seeking relief. *See E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 14 F. Supp. 3d 560, 575 (D.N.J. 2014) ("Plaintiff would suffer prejudice if default judgment were denied."). And "[a]bsent any evidence to the contrary, defendant's 'failure to answer evinces [its] culpability in [the] default.'" *Hayward Ind. v. Saltwater Pool Supplies*, No. 20-6105, 2021 WL 1940711, at *11 (D.N.J. June 14, 2021) (internal quotations omitted). Here, Defendants' failure to answer suggests "willful negligen[ce]." *See id.*

7

The Court accepts these allegations as true and finds that Defendants have infringed and counterfeited Plaintiff's registered trademark, in violation of § 1114 and § 1125(c). And because Defendants have failed to answer, Plaintiff is entitled to default judgment against all Defendants.

**D. Remedies**

*1. Statutory damages*

Plaintiffs may recover actual or statutory damages. 15 U.S.C. § 1117(a)-(c). Where, as here, a plaintiff has elected statutory damages, it may recover "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." § 1117(c)(1). Alternatively, "if the court finds that the use of the counterfeit mark was willful," a plaintiff may recover up to $2,000,000. § 1117(c)(2). Having concluded that Defendants' use of the SUNCOO word mark was willful, the Court must determine the appropriate damages.

"'In the absence of clear guidelines for setting a statutory damage award, courts have tended to use their wide discretion to compensate plaintiffs, as well as to deter and punish defendants, often borrowing from factors considered for statutory damages in copyright infringement.'" *Ocean Point Gifts*, 2010 WL 2521444, at *6 (quoting *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583-84 (E.D.Pa. 2002)). Seven factors are considered:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Platypus Wear, Inc. v. Bad Boy Club, Inc.*, No. 08-02662, 2009 WL 2147843, at *7 (D.N.J. July 15, 2009).

And "[i]n assessing the propriety of a requested award, the Court may be guided by past statutory damages awards." *Matos*, 133 F. Supp. 3d at 688 (internal quotations omitted). As to the first three factors, Plaintiff has not provided any evidence. However, the remaining factors and statutory damages previously awarded in this District are instructive. *See Coach, Inc. v. Bag Place, Co.*, No. 10-6226, 2012 WL 13028160, at *10 (D.N.J. May 7, 2012) (in considering past awards in this District, the point of sale, the extent of sales, and the lack of evidence concerning the plaintiff's losses, the court awarded $30,000 per mark); *Matos*, 133 F. Supp. 3d at 688 (finding that $30,000 per infringement adequately compensated plaintiff for losses, had a deterrent effect, considered that the defendant acted willfully, and considered that the types of goods bearing counterfeit marks were limited); *Coach v. Paula's Store Sportswear LLC*, No. 13-3263, 2014 WL 347893, at *4 (D.N.J. Jan. 31, 2014) (awarding $5,000 per infringement, per type of good, where the defendant offered only six items that infringed on plaintiff's trademark for sale).

Here, Plaintiff seeks $10,000 from Toysters, $290,000 from Exquisite Buys, and $20,000 from LankeyFit under § 1117(c)(2). Mot. at 20. After obtaining discovery from Amazon in the California Action, Plaintiff based its requested statutory damages on the volume of infringing sales, totaling $10,000 for every 100 boxes sold by each Defendant under the ASIN. Lee Dec. ¶ 17.

However, unlike the plaintiffs in *Bag Place*, *Matos*, and *Paula's Store*, SUNCOO is not a luxury brand, and the facemasks sold for, at most, $50 per box under the ASIN. Lee Dec. ¶ 18. In the California action, Plaintiff settled with various defendants, and accepted payments between $1,250 and $5,000 per 100 boxes. *Id.* ¶¶ 19-20. Based on Plaintiff's submissions, Defendants' willfulness and failure to respond, and the need to deter future counterfeiting, the Court finds that $10,000 for every 100 boxes is an appropriate amount of statutory damages in this context.

9

Accordingly, the Court will award statutory damages in the amount of $10,000 from Toysters, $290,000 from Exquisite Buys, and $20,000 from LankeyFit.

2. *Costs and attorney's fees*

Plaintiff also requests attorney's fees and costs, including those yet to be incurred under § 1117(a). Mot. at 21-22. A court may award "costs of the action," and "in exceptional cases," it "may award reasonable attorney fees to the prevailing party." § 1117(a). A case is exceptional when: (1) "there is an unusual discrepancy in the merits of the positions taken by the parties," or (2) "the losing party has litigated the case in an 'unreasonable manner.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). In "'considering the totality of the circumstances,'" District Courts have discretion to determine whether a case is sufficiently "exceptional" to warrant attorney's fees. *Id.* at 315 (quoting *Octane Fitness*, 572 U.S. at 545). While some cases in this District have found unreasonableness where defendants have failed to litigate, *see Sidewinder Films, LLC v. Sidewinder Films, LLC*, No. 19-13992, 2022 WL 6964829, at *7 (D.N.J. Oct. 11, 2022), the Court cannot conclude that Plaintiff has demonstrated, by a preponderance of the evidence, that this matter is "exceptional" enough to justify fees. Accordingly, Plaintiff's request for costs will be granted, but attorney's fees will be denied.

3. *Prejudgment interest*

Moreover, Plaintiff requests prejudgment interest pursuant to § 1117(b). Mot. at 22-23. Here, Plaintiff elected statutory damages rather than actual damages or profits. In doing so, Plaintiff forfeited its right to request treble damages, and thus, cannot recover prejudgment interest under § 1117(b). *See* § 1117(b) (noting that treble damages apply to an award of "profits or [actual]

10

damages"); *Matos*, 133 F. Supp. 3d at 691, n.10-11; *Luxottica Grp., S.p.A. v. Shore Enuff*, No. 16-5847, 2019 WL 4027547, at *8 (D.N.J. Aug. 27, 2019).

However, in exercising its discretion, the Court may award prejudgment interest under 28 U.S.C. § 1961(a) for "exceptional cases." *Matos*, 133 F. Supp. 3d at 691, n.11 (quoting *Am. Honda Motor Co., Inc. v. Two Wheel Corp.*, 918 F.2d 1060, 1064 (2d Cir. 1990)); *see Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986) ("In exercising that discretion, however, the court may be guided by the rate set out in 28 U.S.C. § 1961."). *See also N.V.E. Inc. v. Day*, No. 07-4283, 2009 WL 2526744, at *5 (D.N.J. Aug. 18, 2009) (awarding prejudgment interest using the rates provided by § 1961(a) as a guide); *Luxottica*, 2019 WL 4027547, at *8 (denying prejudgment interest because plaintiff did not demonstrate that the case was exceptional). For the reasons above, prejudgment interest is appropriate here.

4. *Permanent injunction*

Finally, Plaintiff requests a permanent injunction, barring Defendants from infringing and/or counterfeiting the SUNCOO word mark. Mot. at 16. Courts may grant injunctive relief to prevent or restrain trademark infringement. *See* 15 U.S.C. § 1116(a). A plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Here, the Court finds that permanent injunctive relief is warranted. The first factor, irreparable harm, is satisfied because Plaintiff has shown a likelihood of confusion. *See Ocean Point Gifts*, 2010 WL 2521444 at *9 ("[O]nce the likelihood of confusion caused by trademark

11

infringement has been established, the inescapable conclusion is that there was also an irreparable injury") (internal quotations omitted); *Matos*, 133 F. Supp. 3d at 689; *Hayward*, 2021 WL 1940711, at *14; *Audi AG v. Posh Clothing, LLC*, No. 18-14254, 2009 WL 1951166, at *5 (D.N.J. May 2, 2019).

The second factor is also satisfied. Although a remedy at law would provide afford monetary relief, it would not adequately compensate Plaintiff for the harm it has suffered, or necessarily prevent future trademark infringement. *See Cosm. Warriors*, 2017 WL 5157390, at *8 ("Monetary damages also cannot compensate [plaintiff] for the injury to its reputation or prevent future trademark infringement."); *Matos*, 133 F. Supp. 3d at 689 (monetary relief would not adequately compensate plaintiff for the goodwill and reputational injuries associated with the distribution of counterfeit goods).

The third factor, balancing of the hardships, also favors injunctive relief. The only harm imposed on Defendants is that they refrain from infringing and/or counterfeiting Plaintiff's federally protected SUNCOO mark. In balancing the hardships, the harm suffered by Defendants does not outweigh Plaintiff's harm to its goodwill, reputation, sales, and control over its brand. *See Audi AG*, 2009 WL 1951166, at *5 (finding that the defendant's harm is self-inflicted and does not outweigh the plaintiff's legitimate harm of loss of goodwill and sales); *JUUL Labs*, 2022 WL 970412, at *9 (the only harm suffered by the defendant is that they obey the law).

Finally, the last factor, public interest, weighs in favor of Plaintiff. Public interest favors injunctions in trademark infringement cases where, as here, likelihood of confusion has been established. *See Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 198 (3d Cir. 1990). Because all four factors weigh in Plaintiff's favor, the Court will grant a permanent injunction against Defendants.

## IV. CONCLUSION

For the above reasons, the Court will **GRANT** Plaintiff's motion for default judgment, award statutory damages in an amount totaling $320,000, award prejudgment interest on statutory damages and costs, and issue a permanent injunction. An appropriate Order and Judgment accompanies this Opinion.

Dated: August 15, 2023

Evelyn Padin, U.S.D.J.

13